IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tosha Miller,

    Plaintiff,

    v.

City of Columbus, et al.,

    Defendants.

Case No. 2:05-cv-425

JUDGE GRAHAM

## MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE

This is an action for wrongful death filed pursuant to 42 U.S.C.§1983.  Plaintiff's decedent, Daunte Miller, died after being struck by a bullet fired by a Columbus police officer during a foot chase, on August 6, 2003.  The defendants are Columbus Police Officer Bruce Beard, and Columbus Police Sergeant Anthony Luzio.  It is believed that the fatal shot was fired by Officer Beard.  The decedent may also have been struck by a bullet fired by Sgt. Luzio.  There is no dispute about the fact that Miller was attempting to flee and that he possessed a gun.  The officers claim that the gun was in Miller's hand and that he was turning toward Defendant Beard when the fatal shot was fired.  Plaintiff claims that the gun was not in Miller's hand but was concealed in his waistband and was not visible to Officer Beard when the fatal shot was fired.

Plaintiff and defendants have each filed motions in limine seeking to exclude evidence which they anticipate the opposing party will offer at the trial of this case, which is scheduled to begin on April 16, 2007 (see Docs. 122, 126, and 128).  The court conducted an oral hearing on the motions on April 10, 2007.  During

1

the course of that hearing, the court made rulings on the various branches of the motions and stated reasons for such rulings. This Memorandum Opinion and Order will summarize the court's rulings and will address in further detail an issue which the court took under advisement at the hearing.

**I. Plaintiff's Motion in Limine to Strike Defendants' Experts and For Sanctions**

Plaintiff seeks to preclude the testimony of Defendants' proposed expert witnesses Debra Lambourne, Rhonda Cadwallader, Mark Hardy, Heather Williams, Dr. Dorothy Dean, and James Rea. Defendants have stated that they do not intend to call Ms. Lambourne, Ms. Cadwallader, Mr. Hardy, or Ms. Williams as witnesses. These branches of Plaintiff's motion are GRANTED by agreement of the parties.

**A. Dr. Dean**

Reserving its final ruling until trial, the Court DENIES Plaintiff's motion seeking to preclude Dr. Dean from testifying at trial, provided that Dr. Dean testifies only as to what she found during her autopsy of Mr. Miller and the statements in her report.

**B. James Rea and Kenneth Glaza**

During the foot chase, a radio transmission was aired on the police channel by Officer Douglas Wilkinson, one of the officers involved in the pursuit of Miller. The parties disagree as to just what Officer Miller said in this transmission. Everyone agrees that his transmission included the words "he's got a gun," which are clearly audible on the recording made by the Columbus Police Department of all transmissions made during the incident. The dispute concerns what was said immediately before these words were

spoken. These sounds or words are not intelligible on the official tape recording. Plaintiff claims that Wilkinson said "See if he's got a gun". Defendants claim that Wilkinson said "B (Wilkinson's nickname for Officer Bryan Masselli), he's got a gun".

Both sides have retained audio experts to analyze and enhance the official tape recording. The court listened to all three tape recordings at the hearing. Clearly, the sounds which precede the words "he's got a gun" are unintelligible on the original tape. Furthermore, while the enhanced tapes each have different renderings of the sounds recorded on the original tape, neither renders them intelligible. At the most, the enhanced tapes contain different sounds, which might tend to support the argument of the party offering it as to what was actually said. Each side objects to the admissibility of the testimony and enhanced recordings which will be offered by the other side's expert.

Each expert will, if permitted to testify, express his opinion as to what Wilkinson actually said, based solely upon his perception of what he hears when his enhanced tape is played. Each side also wishes to offer into evidence the enhanced recording produced by their respective experts.

Each side claims that the testimony and tape recordings of the other side's expert should be excluded because the expert reports provided by opposing counsel failed to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B). A cursory examination of the reports tendered by each of these experts will reveal that they are in fact grossly deficient in meeting the requirements of the rule. Neither of them contains a complete statement of the basis and reasons for the opinions to be expressed or the data or other

information considered by the witness in forming the opinions. The court would be justified in granting the reciprocal motions to exclude the evidence offered by each of the experts because of these deficiencies. As the hearing proceeded, however, it became clear that there were more profound issues concerning this and other evidence relating to the disputed radio transmission.

First is the question of whether any expert should be permitted to testify regarding his opinion as to what he hears as he listens to a tape recording. Neither of these experts claims to have any special faculty of hearing which would permit him to discern any better than any other person just what is being said on the recording. The court concludes that a so-called expert's opinion on what can be heard when a tape recording is played would not be helpful to the jury. That determination is one which is well within the capability of the jurors themselves to make after they have heard the recording. This is a further ground for excluding the testimony of both experts.

The next question is whether the enhanced recordings themselves should be admitted into evidence so that the jurors can listen to them and attempt to determine what was said by Officer Wilkinson. The court believes this would not be appropriate and that these enhanced recordings are not relevant or admissible.

Wilkinson's radio transmission is relevant only to the state of mind of Beard and Luzio as they pursued Miller. Thus, it is not what Wilkinson actually said which is relevant, it is only what Beard and Luzio could have heard which is relevant. Beard and Luzio could not have heard the sounds produced by either of the enhanced recordings while they were chasing Miller. It is likewise

questionable whether Wilkinson's own testimony is relevant since he could not possibly know just how and with what faithfulness his spoken words were transmitted by the radio device he spoke into. It may well be that the unaltered original recording is the best evidence of what Beard and Luzio could have heard while the events in question transpired.  The court needs further information about the original recording, including how it was made and its reliability in accurately recording the transmission as broadcast and received, in order to make that determination.

**II. Defendants' Motion in Limine**

Defendants moved the Court for an Order in limine precluding the Plaintiff from introducing evidence, testimony, or making statements regarding the following: 1) the City of Columbus being a defendant and/or that the City of Columbus might indemnify; 2) testimony from Plaintiff's expert witnesses Kenneth Glaza and Dr. Werner Spitz; 3) testimony from Plaintiff's expert witness David Balash regarding his "thoughts" and "comments" which are not being offered as "expert" testimony and factors which were not utilized in formulating his "expert" opinions; 4) the dismissed Department of Justice "Investigation"/lawsuit; 5) testimony relating to the internal investigation, the firearms review board findings, recommendations, and other lawsuits against the City; 6) testimony/statements/argument from Plaintiff's counsel regarding his employment as a former legal advisor and police officer; 7) testimony from plaintiff's "police expert" Lou Reiter; 8) testimony regarding any emotional injury to the plaintiff, Tosha Miller; 9) testimony/statements regarding the grand jury proceedings; and 10) photographs of Daunte Miller.

5

Plaintiff does not intend to offer or introduce statements or testimony regarding the City of Columbus being a defendant in this case or that the City may indemnify Defendants, the dismissed Department of Justice Investigation and lawsuit, statements regarding Plaintiff's counsel concerning his employment as a former legal advisor and police officer; testimony regarding any emotional injury to Tosha Miller, or testimony regarding the grand jury proceedings.  These branches of Defendants' motion are hereby GRANTED by agreement of the parties.  The Court has already ruled on the branch of the motion dealing with Mr. Glaza, supra.

### A. Dr. Spitz

As indicated in the record, the Court finds that Defendants would not be surprised nor unfairly prejudiced by any of Dr. Spitz's testimony, as Defendants have been in possession of his expert report and have deposed Dr. Spitz regarding the report and his conclusions.  The Court will permit Dr. Spitz to testify, but reserves its specific ruling on this branch of Defendants' motion until trial when the Court can determine if there is a proper foundation for Dr. Spitz to testify as to whether a bullet or gunshot caused the injuries found on Mr. Miller's right thumb and right thigh.

### B. David Balash

Plaintiff has indicated that she does not intend to illicit Mr. Balash's "thoughts" and "comments" outlined in his expert report, but rather would limit his testimony to the issues outlined in his report concerning his examination of the ballistics, Miller's clothing, the positioning of the weapon, and where the fatal bullet was found.  To the extent that Plaintiff seeks to

6

introduce Mr. Balash's testimony on those topics, Defendants' motion is DENIED. As the Court noted on the record, however, Mr. Balash will not be permitted to testify as to whether Defendant Beard's use of force was unreasonable, as this matter is not within his area of expertise as a firearms examiner and forensic science consultant and on the further ground that this is a conclusion that must ultimately be made by the jury in this case.

    **C.    Testimony relating to the Internal Investigation, the Firearms Review Board findings, recommendations, and other lawsuits against the City**

Plaintiff does not plan to introduce evidence as to the Firearms Review Board findings, recommendations, and other lawsuits against the City. Accordingly, this branch of Defendants' motion is GRANTED by agreement of the parties. As to evidence relating to the CDP's internal investigation of this incident, Plaintiff may use any statements made by Luzio and Beard during the investigation for impeachment purposes, however it does not appear that any other matter pertaining to the internal investigation will be relevant to plaintiff's claims against defendants Beard and Luzio.

    **D.    Lou Reiter**

For the reasons stated on the record, the Court GRANTS this branch of Defendants' motion.

    **E.    Photographs of Duante Miller**

Reserving its final ruling until trial when the Court can observe the exact photographs which Plaintiff plans to introduce, the Court DENIES this branch of Defendants' Motion.

**III. Plaintiff's Motion in Limine to Preclude Evidence of Decedent's Prior Felony Plea and Absconder Status**

Plaintiff seeks to preclude evidence relating to Mr. Miller's absconder status, the warrant for his arrest, and his prior drug possession guilty plea. For the reasons stated in the record, the Court finds that this evidence is properly admissible to show both Mr. Miller's state of mind at the time of the chase and shooting as well as to show Defendants' state of mind during the chase and shooting. This evidence is not unduly prejudicial to Plaintiff; therefore, this branch of Plaintiff's motion is DENIED.

Plaintiff also seeks to preclude evidence relating to Mr. Miller's record as a juvenile. Defendants will not introduce information regarding Mr. Miller's juvenile record and so this branch of Plaintiff's motion is GRANTED by the agreement of the parties.

Finally, Plaintiff seek to preclude any evidence relating to the criminal histories of Plaintiff and other members of Mr. Miller's family, should they testify at trial. The Court GRANTS this branch of the motion, however should Plaintiff or other family members testify at trial such evidence may be admissible for impeachment purposes.

It is so ORDERED.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: April 12, 2007